IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MONTANA ELECTRICAL JOINT APPRENTICESHIP & TRAINING COMMITTEE, | |
| Plaintiff, | CV-25-78-BU-JTJ |
| vs. | |
| GRACE WAGNER, BRIDGER AMENT, JONATHAN KOTKA, KOLE MCGRATH, TRAVIS WIXSTEN, and DOES I–X, | MEMORANDUM AND ORDER |
| Defendants. | |

_____

## I.   Introduction

On June 27, 2025, Plaintiff Montana Electrical Joint Apprenticeship & Training Committee (JATC) filed an action in state court, asserting breach of contract claims against Defendants Grace Wagner, Bridger Ament, Jonathan Kotka, Kole McGrath, and Travis Wixsten (Defendants). On August 15, 2025, Defendants filed a Notice of Removal pursuant to 28 U.S.C §§ 1331, 1441 and 1446. (Doc. 1.) JATC has filed a Motion to Remand with supporting briefs arguing that this Court lacks subject matter jurisdiction because its claims are not subject to complete preemption under § 502(a) of ERISA. (§ 502). (Docs. 11, 12 and 18). Defendants oppose the motion. (Doc. 15). The Court heard oral argument on December 9, 2025.

1

Having considered the parties' briefs, the oral arguments and the applicable law, the Court GRANTS JATC's Motion to Remand for the reasons set forth below.

## II. Background

JATC administers an apprenticeship training program funded by union employers. In consideration for the training provided, participating apprentices sign Scholarship Loan Agreements (SLAs) requiring them to repay the JATC for expenses incurred in offering the training by either (a) accepting qualifying union employment as journeymen electricians, in which case the debt would be repaid by in-kind service; or (b) reimbursing the JATC directly. (Doc. 1, ¶ 18).

JATC's state court Complaint asserts breach of contract claims against each Defendant because after allegedly receiving the training they allegedly failed to accept qualifying union employment at all or for a sufficient time to earn enough in-kind credits to repay the training costs and they failed to repay the resulting amount owed to the JATC. (Id. ¶¶ 17-38) JATC seeks to recover from Defendants the reasonable cost of the training it provided to them. (Id., ¶¶ 44-68).

## III. Legal Standard

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Gaus v. Miles,*

Inc., 980 F.2d 564, 566 (9th Cir. 1992). When federal jurisdiction is doubtful, remand is necessary. *Id*.

In the context of ERISA removal, the removing party "must show either that the state-law causes of action are completely preempted by § 502(a), or that some other basis exists for federal question jurisdiction." *Marin Gen. Hosp. v. Modesto & Empire Traction Co*., 581 F.3d 941, 945 (9th Cir. 2009). § 514 of ERISA, (§ 514), claimed conflict preemption, does not vest a federal court with subject matter jurisdiction. *Id*.; *Toumajian v. Frailey*, 135 F.3d 648, 654-55 (9th Cir. 1998).

## IV.    Discussion

Defendants argue that JATC's apprenticeship training program and the SLAs constitute "employee welfare benefit plans" under ERISA because they are maintained by employer associations and labor unions to provide apprenticeship training and scholarship funds. (Doc. 1, ¶7). Defendants contend that because the United States Supreme Court determined in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), that causes of action within the scope of the civil enforcement provision of § 502(a) are removable to federal court, this court has jurisdiction over JATC's claims. (Doc.1, ¶13). Defendants also argue that § 514's conflict preemption provision preempts JTC's state law claims.

JATC emphasizes that § 502(a) is the only provision that may vest a federal court with jurisdiction. *Marin Gen. Hosp*., 581 F.3d at 945. (Doc. 18, p. 2). JATC

3

argues that Defendants cannot meet either prong of *Davila's* two-step test for complete preemption under § 502(a). JATC further argues that because § 502(a) is the only section that provides this Court with jurisdiction, the Court need not consider Defendants' theory of conflict preemption under § 514(a).

The decisive issue before the Court is whether it has subject matter jurisdiction under § 502(a). This civil enforcement provision confers exclusive federal jurisdiction, as Congress clearly manifested an intent to make causes of action within its scope removable to federal court. *Marin Gen. Hosp.*, 581 F.3d at 945 (citing *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987)). But "if the doctrine of 'complete preemption' does not apply, even if the defendant has a defense of conflict preemption within the meaning of § 514(a) because the plaintiff's claims 'relate to' an ERISA plan, the district court is without subject matter jurisdiction." *Id.*

### A.  § 502(a) does not completely preempt JATC's state law breach of contract claims against Defendants.

In *Davila*, the Court established a two-step test for complete preemption under § 502(a). A state law claim is completely preempted if: (1) an individual, at some point in time, could have brought the claim under § 502(a); and (2) where there is no other independent legal duty that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210; *Marin Gen. Hosp.*, 581 F.3d at 946 (quoting *Davila*).

### 1. JATC could not have brought its breach of contract claims against Defendants under § 502(a)(3)

Under step one of the *Davila* test, the applicable provision of § 502(a) is subsection (3), which provides that "a participant, beneficiary or fiduciary may bring an action (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan.". [1] The plain language of § 502(a)(3) authorizes only injunctive and other equitable remedies to enjoin or redress violations of ERISA or the plan. The issue then is whether JATC could have brought its state law breach of contract claims against the Defendants under § 502(a)(3).

In *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U. S. 356, 363 (2006), the Court stated that whether a remedy a plaintiff seeks is legal or equitable depends on (1) the basis for the claim and (2) the nature of the underlying remedies sought. "Equitable remedies are as a general rule directed against some specific thing; they give or enforce a right to or over some particular thing rather than a right to recover

---

[1] Subsections (1) and (2) of § 502(a) do not apply. § 502(a)(1) claims must be brought "by a participant or beneficiary" for relief directly authorized by ERISA. JATC is not "a participant or beneficiary," and therefore its claims cannot be brought under § 502(a)(1). JATC's claims also do not relate to § 502(a)(2), which authorizes the Secretary of Labor, a participant, a beneficiary, or a fiduciary to bring a claim for breach of fiduciary duty.

a sum of money generally out of the defendant's assets." *Montanile v. Board of Trustees of National Elevator Industry Health Benefit Plan,* 577 U.S. 136, 145 (2016).

In *Honolulu Joint Apprenticeship and Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234 (9th Cir. 2003), (*Honolulu JATC*) the JATC brought an action against the defendant whom it had provided apprenticeship training for four-and-a-half years on the condition that the defendant work for a union employer upon completion of his apprenticeship. *Id.* at 1235. The JATC sued the defendant under § 502(a)(3) seeking monetary damages because the defendant breached his agreement with the JATC by working for a non-union employer and failing to repay the JATC the amount it had expended upon training him. *Id*. The defendant argued that the JATC could not sue him under § 502(a)(3) because the remedy it was seeking was legal and not equitable and § 502(a)(3) only provides for equitable remedies. *Id.* at 1236-37. The district court granted the defendant's motion for summary judgment by finding that the JATC "was not entitled to the relief it sought under (§ 502(a)(3))." *Id.* at 1237. The JATC appealed.

The *Honolulu JATC* court affirmed the district court. In so doing, the court framed the controlling issue as "whether the restitution sought by the (JATC) is legal or equitable in nature: only the latter is allowed under § 502(a)(3)." *Id*. (citing *Great-West Life & Annuity Ins. Co. v Knudson,* 535 U.S. 204, 218 (2002)). Relying on the

*Great-West Life* Court's analysis of whether a claim was legal or equitable, the *Honolulu JATC* reasoned as follows in holding that the JATC's claim against the defendant falls outside the scope of "appropriate equitable relief" authorized by (§ 502(a)(3)):

> In order for (JATC) to proceed with its action against Foster, the restitution it seeks must be equitable. It is not. Rather, (JATC) seeks to impose general personal liability on Foster for the costs it advanced under the scholarship loan agreement. (JATC's) First Amended Complaint says as much: "This is an action for repayment of loans pursuant to apprenticeship scholarship loan agreements and promissory notes entered into between Plaintiff and Defendant." There is no indication that the funds are specific or identifiable, or that (JATC) seeks anything other than monetary compensation on a breach of contract claim. Indeed, no funds were actually transferred to Foster—(JATC) merely seeks reimbursement for the costs it incurred for his training.
>
> As the Supreme Court explained in *Great–West Life:*
> The basis for petitioners' claim is ... that petitioners are contractually entitled to *some* funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents.

*Id.* at 1238 (citing *Great-West Life,* 534 U.S. at 214).

Here, the JATC, like the JATC in *Honolulu JATC,* is not seeking equitable relief from Defendants. Rather, it is seeking legal relief in the form of monetary damages from Defendants because of their alleged breach of the SLAs. § 502(a)(3) simply does not provide a legal remedy for recovery of monetary damages directly from a plan participant based upon an alleged breach of contract. Because § 502(a)(3) provides equitable remedies only, JATC could not have brought its state

7

law breach of contract claims against Defendants under § 502(a)(3). Thus, Defendants have failed to establish the first prong of the *Davila* two-part test and this court lacks jurisdiction over the JATC's state law breach of contract claims against them.

### 2. Whether JATC's Claims Arise From An Independent Legal Duty

Defendants have failed to establish that Plaintiff's state law breach of contract claims against them satisfy the first prong of the *Davila* test. Therefore, Defendants cannot establish that § 502(a) completely preempts Plaintiff's breach of contract claims and the court need not address the second prong of the *Davila* two-step test.

### B. § 514(a) Conflict Preemption Fails Vest The Court with Jurisdiction

Defendants also argue that because JATC's state law claims may "relate to" an ERISA benefit plan, and may therefore be preempted under § 514(a), that the court has subject matter jurisdiction over this action. However, a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court. *Marin Gen. Hosp.,* 581 F.3d at 945.

### V.   CONCLUSION

Defendants have failed to establish that this Court has subject matter jurisdiction over Plaintiff's state law breach of contract claims against them. § 502(a) complete preemption does not exist, and there is no other basis for federal question jurisdiction.

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's Motion to Remand (Doc.11) is **GRANTED**. This action is **REMANDED** to Montana's Second Judicial District Court from where it was removed.

2. The Clerk of Court shall mail a certified copy of this Order to the Clerk of Court for Montana's Second Judicial District Court.

DATED this 12th day of January 2026.

_____
John Johnston
United States Magistrate Judge

Case 2:25-cv-00078-JTJ   Document 21   Filed 01/12/26   Page 9 of 9